IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| DEBRA L. MILLER, Secretary of the Kansas Department of Transportation, </br></br>　　　　Plaintiff/Respondent, </br></br>v. </br></br>DANNY LAMBETH, JOEL LAMBETH, SHELL ANN PLEKOWSKE, DANA LYN DAWES, MARK LAMBETH, d/b/a/ TRUCK WHOLESALE </br></br>　　　　Defendants/Petitioner. | CIVIL ACTION </br></br> No. 04-2613-CM |

**MEMORANDUM AND ORDER**

The above captioned matter comes before the Court on Debra L. Miller, Secretary of the Kansa*s* Department of Transportation's (KDOT) Motion in Opposition to Defendants' Notice of Removal (Doc. 3). After careful consideration, the court finds and concludes as follows:

**I. Background Facts**

On August 21, 2003, KDOT filed a Petition for Abatement of defendant Truck Wholesale=s allegedly illegal salvage yard in the District Court of Miami County, Kansas, Case No. 03-C-169. Defendant answered KDOT's Petition for Abatement on September 9, 2003, and upon request, an extension was granted to Truck Wholesale for extra time to amend its answer. On March 3, 2004, KDOT filed a Motion for Summary Judgment.

The parties exchanged replies and responses to KDOT's Motion for Summary Judgment, and on June 4, 2004, the court granted KDOT's Motion for Summary Judgment. Truck

Wholesale then hired new counsel and sought reconsideration of the Miami County District Court's June 4, 2004 Order. On December 28, 2004, the Miami County District Court issued an Order denying defendant Truck Wholesale's Request for Reconsideration. Defendant Truck Wholesale then filed a Notice of Removal on December 30, 2004, two days after the final ruling in the Miami County District Court.

## II. Discussion

KDOT contends that defendant/petitioner=s attempt to remove Case No. 03-C-169, the Miami County District Court action, should be denied and remanded for several reasons. First, the Notice of Removal was not filed in the United States District Court for the District of Kansas within thirty days after receipt of a copy of the initial pleading by Truck Wholesale. KDOT argues that the Miami County District Court has issued its final ruling in this action, and Truck Wholesale is attempting to use the removal process to appeal a decision of a local state court. Furthermore, KDOT contends that this court lacks jurisdiction to remove an action where the basis for jurisdiction is conferred by 28 U.S.C §1332, and where removal is sought more than one year after commencement of the action. The court agrees.

The procedure for removal of a state action is set out in 28 U.S.C. §1446. This federal removal statute requires the following:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b). KDOT's Petition for Abatement was filed in the District Court of Miami County, Kansas on August 21, 2003. Truck Wholesale answered KDOT=s pleading on

September 9, 2003. Petitioner=s Notice of Removal was filed on December 30, 2004, some sixteen months after service of KDOT's initial pleading was effected, and some fifteen months after defendant=s answer was filed in state court.

As set forth above, by statute, the notice of removal must be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). The Tenth Circuit follows the "receipt rule" which is also consistent with the strict construction given removal statutes. *Patel v. Moore*, 968 F. Supp. 587, 589 (D. Kan. 1997). The thirty-day time limitation is a procedural requirement that is strictly enforced. *First Nat. Bank & Trust Co. v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991). There is substantial evidence that Truck Wholesale had receipt of KDOT=s initial pleading since an answer was filed in the state proceeding within thirty days of the filing of the initial pleading. Furthermore, petitioner Truck Wholesale states in its Notice of Removal that they first had notice of the action on August 25, 2003. For this court to properly consider removing the subject state action, Truck Wholesale should have filed its Notice of Removal within thirty days of the receipt of the initial pleading, which petitioner claims occurred on August 25, 2003.

This court can find no exception that would permit the removal of a state action when the Notice of Removal was filed in such an untimely manner. Furthermore, petitioner has not presented any colorable argument or evidence to convince this court that thirty days has not expired since this case became removable. The burden is with the removing party to show that removal was properly accomplished. *Christian v. Coll. Boulevard Nat'l Bank*, 795 F. Supp. 370, 371 (D. Kan. 1992). Petitioner has not done so.

Petitioner Truck Wholesale in its Notice of Removal argues that removal can be obtained since the basis of jurisdiction is conferred by 28 U.S.C. § 1332 (diversity of citizenship; amount in controversy; costs).  Petitioner=s reliance on §1332 is misplaced.  The federal statute which governs removal of state actions states in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action*.

28 U.S.C. § 1446(b) (emphasis added).  It is undisputed that KDOT filed its Petition for Abatement on August 21, 2003, in the District Court of Miami County, Kansas.  It is also undisputed that Petitioner Truck Wholesale filed its Notice of Removal with this Court on December 30, 2004, more than one year after the commencement of the action.  Consequently, this court does not have the authority to remove this action since removal is being sought more than one year after the commencement of the state action.1  Accordingly, the court finds that removal of the District Court of Miami County, Kansas Case No. 03-C-169 is improper, and remands the same to the state court.

**IT IS THEREFORE ORDERED** that KDOT's Motion in Opposition to Defendant's Notice of Removal (Doc. 3) is granted.  The court remands this case to the District Court of Miami County, Kansas, Case No. 03-C-169.

Dated this __20__ day of April 2005, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**

---

1

-5-